# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 18-9695 PA (MAAx) | Date | November 21, 2018 |
| Title | Ara Jil-Agopian v. Jaguar Land Rover North America, LLC, et al. | | |

Present: The Honorable **PERCY ANDERSON, UNITED STATES DISTRICT JUDGE**

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff:  Attorneys Present for Defendant:

None  None

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Jaguar Land Rover North America, LLC ("Defendant"). (Docket No. 7.)[1] Defendants assert that this Court has jurisdiction over the action brought against it by plaintiff Ara Jil-Agopian ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th

---

[1] Defendant initially filed a Notice of Removal of the state court action entitled Richaye Diekman v. Jaguar Land Rover North America, LLC; and Does 1 through 10, inclusive. (Docket No. 1.) Defendant then filed a Notice of Errata, which included the Notice of Removal of the state court action entitled Ara Jil-Agopian v. Jaguar Land Rover North America, LLC; and Does 1 through 50, inclusive. (Docket No. 7.) Therefore, the Court considers only the second-filed Notice of Removal.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-9695 PA (MAAx) | Date | November 21, 2018 |
|---|---|---|---|
| Title | Ara Jil-Agopian v. Jaguar Land Rover North America, LLC, et al. | | |

Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

The Notice of Removal alleges that Defendant "is informed and believes that, at the time the Complaint was filed and at the time of this Notice, Plaintiff was a U.S. citizen domiciled in the State of California." (Notice of Removal ¶ 9.) Defendant states that "Plaintiff's own allegation of residence . . . is prima facie evidence of domicile." (Id.) The Complaint only alleges Plaintiff's state of residence, not domicile or citizenship. (Compl. ¶ 1.) Because an individual is not necessarily domiciled where he or she resides, Defendant's allegations concerning Plaintiff's citizenship, based only on an allegation of residence, are insufficient to establish Plaintiff's citizenship. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). As a result, Defendant's allegations relating to Plaintiff's citizenship are insufficient to invoke this Court's diversity jurisdiction.

Furthermore, Defendant's allegations of its own citizenship are insufficient to establish diversity. The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); Handelsman v. Bedford Village Assocs., Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000) ("a limited liability company has the citizenship of its membership"); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction").

Defendant alleges that it is an LLC and that its only member is "Jaguar Land Rover Limited, [which is] located in the United Kingdom." (Notice of Removal ¶ 10.) The Notice of Removal does not indicate what form of entity Defendant's member is, and it fails to adequately allege the member's citizenship. See, e.g., Parse v. Those Certain Underwriters At Lloyd's London, No. CV 14-00782 MMM (JEMx), 2014 WL 12561586, at *2 (N.D. Cal. Mar. 4, 2012) ("The notice [of removal] alleges that these are 'entities' organized under the laws of the United Kingdom with their principal place of business in London, England. If the entities are corporations, then the allegations are sufficient to allege that Lloyd is a citizen of England. If, however, the entities are partnerships or another form of unincorporated association, then such allegations are not sufficient to show that there is complete diversity between the parties . . . . Because it is unclear what type of entity the syndicate is, the court cannot determine its citizenship based upon the current pleadings." (footnote omitted)). As a result, Defendant has not adequately alleged its own citizenship.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-9695 PA (MAAx) | Date | November 21, 2018 |
|---|---|---|---|
| Title | Ara Jil-Agopian v. Jaguar Land Rover North America, LLC, et al. | | |

"Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; see also Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). This is particularly true for a removing defendant, who is presumed to know the facts surrounding its own citizenship. See, e.g., Leon v. Gordon Trucking, Inc., 76 F. Supp. 3d 1055, 1063 (C.D. Cal. 2014); see also Cretian v. Job1USA, Inc., No. 09-CV-770-ST, 2009 WL 4841039, at *1 (D. Or. Dec. 11, 2009) ("Defendant is presumed to know its own citizenship; indeed it is in the best position to know it for purposes of removal." (internal quotation marks omitted)). Defendant's allegations about Plaintiff's and Defendant's own citizenship are insufficient to invoke this Court's diversity jurisdiction.

Accordingly, this Court remands this action to Los Angeles County Superior Court, Case No. VC067473, for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.